IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| SHARN GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-cv-01070 |
| ) | |
| CORRECT CARE SOLUTIONS et al., ) | Judge Campbell |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Sharn Green, an inmate confined at the Correctional Development Center - Male ("CDM") operated by the Davidson County Sheriff's Office in Nashville, Tennessee, brings this *pro se* civil rights action under 42 U.S.C. § 1983 alleging that the medical providers at the CDM have refused to provide necessary medical treatment and that he has been the target of retaliation as a result of filing grievances. The plaintiff names as defendants the following: Correct Care Solutions; Administrator Austin Bodie; Case Manager [f/n/u] Miller; Nurse [f/n/u] Crowder; Nurse Practitioner Daniela [l/n/u]; Nurse Practitioner [f/n/u] Foster; Investigating Officer Amanda Buchanan; Contract Monitor S. Shavers, RN; Nurse [f/n/u] Murphy; Officer [f/n/u] Neville; Classification Manager Beth Gentry; Director of Operations Chris Brown; and Dr. [f/n/u] Burn. The complaint is before the Court for an initial review in accordance with the Prison Litigation Reform Act ("PLRA").

**I.      Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630

F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

## II.    Factual Allegations

The plaintiff alleges that, prior to his incarceration, he had been receiving treatment at Meharry General Hospital for back pain and that, for two years, his doctors at Meharry had been prescribing him hydrocodone. He signed a form to permit the medical providers at CDM to obtain his medical records from Meharry, but, on January 8, 2014, Nurse Practitioner Daniela "denied [him his] medication for fourteen (14) days." (ECF No. 1, at 5.) NP Daniela did not review an x-ray or examine the plaintiff; she simply declared that nothing was wrong with him and refused to provide medication for a period of 14 days. The plaintiff was without any pain medication until January 23, 2014. The plaintiff spoke with Administrator Austin Bodie, who told him to fill out a "sick call" showing what kind of medication he had been taking before. The plaintiff completed another sick call. It appears that, after that point, the plaintiff may have been given Aleve for his back pain. He complained to Nurse Practitioner Foster that this medication was not working. Foster refused to authorize hydrocodone. The plaintiff claims that the refusal to provide him hydrocodone was discriminatory because at least four other inmates at CDM were receiving hydrocodone. The plaintiff insists that the denial of all medication for 14 days and the subsequent refusal to provide hydrocodone caused him back pain and suffering in violation of the Eighth Amendment's prohibition of cruel and unusual punishment. The plaintiff insists that the "Medical Department," presumably meaning Correct Care Solutions, the entity in contract with

CDM to provide medical care to inmates there, "are refusing to give [him] the right medical treatment and . . . the right medication for [his] back pain." (*Id.*)

The plaintiff talked to his case manager, Miller, about the situation. He requested a complaint form from Miller, and Miller sent him to Case Manager Hicks to receive the form.

Attached to the complaint is a grievance response from "Investigating Officer Amanda Buchanan," denying the plaintiff's grievance related to the refusal to provide hydrocodone. (ECF No. 1, at 7.) The plaintiff appealed the denial of his grievance (ECF No. 1, at 9), and the denial was upheld on appeal by Contract Monitor S. Shavers, RN (ECF No. 1, at 10).

The plaintiff also complains that he has been retaliated against after submitting grievances at the facility, in that he has been forced to move from a bottom bunk to a top bunk. He claims that Beth Gentry, classification manager, made the decision to move him to the top bunk, and he has not been able to get moved back to a bottom bunk because no one in the medical department will issue him a "bottom bunk slip" because of his having filed grievances. He claims it causes him great pain to get onto and off the top bunk. He received a disciplinary write-up by Officer Neville because he refused to get on the top bunk. The plaintiff claims that, in his efforts to get a bottom bunk slip, he has received the "run-around" from the medical office: He was supposed to be seen by Dr. Burn, but she cancelled the appointment and never rescheduled. He asked Nurse Murphy, who said she would call the doctor to see if she would authorize a bottom bunk slip, but two days later, Nurse Murphy told him she had not been in touch with the doctor.

The plaintiff filed grievances related to his top-bunk assignment as well. It appears that Beth Gentry was responsible for denying the initial grievances related to his top-bunk assignment. (*See* ECF No. 1, at 11.) Director of Operations, Chris Brown, signed off on another grievance response dated April 23, 2014, stating: "in speaking with medical, I was able to determine that you are scheduled to see Dr. Burns this morning. I will follow up on this after your appointment." (ECF No. 1, at 16.) The plaintiff states, however, that he did not see Dr. Burn that day. He states: "Everytime I am sc[h]eduled to see Dr. Burn, the Nurses make sure I don't see her or be call[ed] to the medical." (*Id.* at 19.) In particular, Nurse Murphy is aware of his complaints but has done nothing to help him.

### III. Discussion

The plaintiff brings claims under 42 U.S.C. § 1983. "To state a claim under 42 U.S.C. § 1983, a

plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

To establish the liability of any individual defendant for a constitutional violation under the second prong of this test, the plaintiff must show that that particular defendant was personally involved in the activities giving rise to the plaintiff's claims. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). *See also Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability." (citing *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991).

As an initial matter, the Court finds that the complaint fails to allege the personal involvement of several of the defendants named in the complaint in any unconstitutional behavior. Specifically, it is clear that the complaint fails to state a colorable claim against Administrator Austin Bodie (whose only involvement was allegedly advising the plaintiff to fill out a sick-call request) or Case Manager Miller (whose only involvement was to send the plaintiff to a different case manager to obtain a complaint form).

In addition, while prisoners have a First Amendment right to file (non-frivolous) grievances, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corrs.*, 128 F. App'x 441, 445 (6th Cir. 2005). Thus, "[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension," *Alder v. Corr. Med. Servs* ., 73 F. App'x 839, 841 (6th Cir. 2003), and a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. *See Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999))); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a

constitutional violation.").

The claims against Investigating Officer Amanda Buchanan (who denied the plaintiff's initial grievance relating to the denial of medication); Contract Monitor S. Shavers, RN (who upheld the denial of that grievance); Classification Manager Beth Gentry (who denied the plaintiff's grievance relating to his bunk placement); and Director of Operations Chris Brown (who responded to a second grievance relating to bunk placement and medication), all appear to be based solely on the fact that these defendants denied the plaintiff's grievances. The plaintiff does not allege the direct or indirect involvement by any of these defendants in the actions giving rise to his claims that he was denied medical care and retaliated against by being assigned to a top bunk. The claims against these defendants are therefore subject to dismissal for failure to state a claim for which relief can be granted.

Similarly, the claim against Officer Neville appears to be based solely on Officer Neville's having written the plaintiff up for refusing to comply with a direct order. The plaintiff does not allege that Neville, at that time, was aware that the plaintiff had filed grievances related to his medical care or that Neville himself was engaged in a retaliatory action. Because the plaintiff's allegations fail to show that Neville violated the plaintiff's constitutional rights, the claim against him is likewise subject to dismissal for failure to state a claim for which relief may be granted.

The plaintiff does not mention defendant "Nurse Crowder" by name anywhere in his complaint other than on the penultimate page where he lists "other defendants." (ECF No. 1, at 21.) It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal as to that defendant, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). *See also Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally

devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because the plaintiff's claim against Nurse Crowder falls short of the minimal pleading standards, the claim must be dismissed.

The plaintiff likewise fails to mention Correct Care Solutions in the sections of his complaint devoted to his statements of facts. Instead, it appears that the claims against this defendant are based on its role as the employer of the medical practitioners who allegedly violated the plaintiff's constitutional rights. Correct Care Solutions, a private contractor, may be subject to suit under § 1983 as the entity to which the obligation to provide medical care to individuals in state custody has been contractually delegated. *West v. Atkins*, 487 U.S. 42, 56 (1988) (holding that a private medical provider contracted to provide medical care to prisoners is a state actor for purposes of § 1983); *see also Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996) (CCA acts under color of state law because it performs the traditional state function of operating a prison). However, Correct Care Solutions cannot be liable solely on the basis that it employs a tortfeasor, because "[r]espondeat superior is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). Instead, a private entity cannot be held responsible for an alleged constitutional deprivation unless there is a direct causal link between a policy or custom of the entity and the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) ("Like a municipality, a government contractor cannot be held liable on a respondeat superior theory. . . . [A] private contractor is liable for a policy or custom of that private contractor. . . ."). Simply stated, the plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). Here, the plaintiff has not identified a policy of Correct Care Solutions that is responsible for his alleged injuries. The complaint therefore fails to state a colorable claim against this defendant.

Specifically regarding Nurse Practitioner Daniela, Nurse Practitioner Foster, and Nurse Murphy, the plaintiff claims that these defendants have been deliberately indifferent to his serious medical needs and provided constitutionally inadequate care. The Court notes that, under the "deliberate indifference" standard, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of

confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). At the same time, mere negligence, or even gross negligence, is insufficient to establish an Eighth Amendment violation. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860–61 n.5 (6th Cir.1976). Here, although the plaintiff clearly has received some medical care and is unhappy with that care, the Court nonetheless finds, for purposes of the initial review required by the PLRA, that the plaintiff has stated a colorable claim against defendants Daniela, Foster, and Murphy based on these defendants' failure to take seriously or adequately treat the plaintiff's allegedly severe back pain. The Eighth Amendment claims against these defendants will be permitted to proceed.

The plaintiff also alleges that these defendants retaliated against him for the filing of grievances by intentionally denying him access to Dr. Burn and by refusing to issue him a "bottom bunk slip." A retaliation claim has three elements:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Liberally construed, the complaint alleges all three of these elements against the nurse and nurse practitioner defendants. The retaliation claim against these defendants will therefore also be permitted to proceed.

The plaintiff does not allege that he has ever seen Dr. Burn, but he does state that he signed up for sick call on numerous occasions, and that on at least one instance, if not two, Dr. Burn cancelled the appointment or failed to call the plaintiff to medical even when the plaintiff had an appointment. It may reasonably be inferred from the plaintiff's allegations that Dr. Burn has access to the plaintiff's medical records and that she has deliberately refused to see the plaintiff, and consequently that she too has been deliberately indifferent to his serious medical needs.

**IV.     Conclusion**

For the reasons set forth herein, the claims against defendants Correct Care Solutions; Administrator

Austin Bodie; Case Manager Miller; Nurse Crowder; Investigating Officer Amanda Buchanan; Contract Monitor S. Shavers, RN; Officer [f/n/u] Neville; Classification Manager Beth Gentry; and Director of Operations Chris Brown will be dismissed for failure to state a claim for which relief may be granted. The claims against the remaining defendants will, at this stage, be permitted to proceed.

An appropriate order is filed herewith.

_____
Todd Campbell
United States District Judge